# Order

Michigan Supreme Court
Lansing, Michigan

March 8, 2019

158038

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

STEPHANIE SHERMAN, KAYLA
ROLLEND, AMANDA ROLLEND,
by her Next Friend JACOB MARCINIAK,
and EMILY ROLLEND, by her Next
Friend JACOB MARCINIAK,
            Plaintiffs-Appellees,

v

ISRAEL BROS, INC.,
            Defendant-Appellant.

_____/

SC: 158038
COA: 333514
Macomb CC: 2015-000040-NO

On order of the Court, the application for leave to appeal the May 24, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal for the reasons set forth in my dissenting statement in *Thompson v Gibson*, ___ Mich ___ (2019) (MARKMAN, J., dissenting). This case, as with *Thompson*, concerns whether a landlord possessed constructive notice of a defect within leased premises that caused injury to a tenant. In my judgment, the Court of Appeals majority failed to recognize and address the proper legal inquiry as laid out in my *Thompson* dissent; i.e., it failed to examine whether the landlord knew or should have known of the defect *before* leasing the property. However, unlike in *Thompson*—in which this Court has already once remanded for reconsideration—in the instant case, the Court of Appeals has not had the opportunity to reconsider its conclusion in light of clearly applicable legal principles. Moreover, the proper application of these principles in the instant case is somewhat less clear than in *Thompson*, given that plaintiffs here provided expert testimony (although arguably of insufficient precision) regarding the duration of the alleged defect, and the specific nature of that defect—corrosion of a water heater—seems somewhat more likely to have arisen over a substantial period of time than the defect in *Thompson*. While I am unsure whether this evidence gives rise to a genuine issue of material fact that the

landlord should have known of this defect when the lease was signed four years before the injury occurred, the issue nonetheless is worthy of plenary appellate review under the proper legal standard. Accordingly, I would remand to the Court of Appeals for reconsideration in light of the legal framework set forth in my dissent in *Thompson*.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 8, 2019



Clerk

a0305